**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HBB HOSPITALITY LLC,<br><br>Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Marriott International, Inc. ("Marriott") files this Complaint against Defendant HBB Hospitality LLC ("Defendant") alleging as follows based on Marriott's knowledge, information, and belief:

## INTRODUCTION

1. Marriott operates, franchises, and licenses a system comprising more than 900 hotel properties worldwide under the famous RESIDENCE INN® brand, which is synonymous with finding the comforts of home while traveling for overnight and longer stays. Marriott has used and extensively promoted its marks comprising or containing RESIDENCE INN (collectively, the "RESIDENCE INN Marks" or "Marks") for over 40 years, and as a result of Marriott's efforts, those marks have become enormously valuable symbols of Marriott's goodwill.

2. Defendant owns and operates a hotel at 6107 Broadway Street, Galveston, Texas 77551 (the "Hotel"), that formerly operated as a Rodeway Inn but was renamed "The Residency Inn" in 2023.

3. Consumers have given the Hotel extremely poor reviews on websites including Booking.com, Expedia, Google, and Tripadvisor. For example, reviewers have described the Hotel as "filthy," "dirty and nasty," the "WORST SMELLING, NASTY ROOM I've ever seen or smelled," with "poop stains on bathroom walls and something equally as nasty on the non-cleaned sink (covered in toothpaste spit as was the mirror)," "poorly maintained," with "holes in the wall," "stripped wallpaper," "MOLD all over walls and ceiling," "gaps under the entry door," and "dingy and stained" towels and "torn" sheets, and "sketchy," "look[ing] like a drug hotel," featuring a "[v]ery questionable neighborhood and other patrons," causing guests to feel "unsafe." Reviewers have advised others "not [to] take a shower" at the Hotel, "to watch out for the crack head who pops up in between cars," and to "RUN AWAY FROM THIS PLACE." For one reviewer, it was "undoubtedly the worst I have encountered in a hotel."

4. Consumer reviews also reveal that multiple guests reserved stays at the Hotel believing they were booking at a RESIDENCE INN® property, only to learn later of their mistake. One guest reported being "fooled by the NAME." Other guests wrote reviews of their stays at the Hotel apparently believing they had stayed at a RESIDENCE INN® hotel. One guest described his "stay at the Residence Inn" as

"disappointing." Another urged others to "Steer clear from residents inn [sic] in Galveston."

5. Defendant's Managing Member and Director, Hitesh R. Patel, describes himself on social media as the managing partner of an entity owning "a portfolio of hotels including Choice Hotels International, Marriott Hotels and International Hotels Group." As a hotelier, Mr. Patel would have been fully aware of Marriott's longstanding rights in its famous RESIDENCE INN Marks when adopting the nearly identical mark "The Residency Inn."

6. Defendant's use of a confusingly similar—indeed, nearly identical—variation of Marriott's RESIDENCE INN Marks to identify the Hotel and its hospitality services is causing, and is likely to continue to cause, significant damage to Marriott's enormous goodwill in its RESIDENCE INN® brand.

7. Because Defendant's actions threaten to irreparably harm Marriott's rights in its valuable RESIDENCE INN® brand and its famous RESIDENCE INN Marks, Marriott brings this action for trademark infringement under 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125(a); trademark dilution under 15 U.S.C. § 1125(c); trademark infringement and unfair competition under Texas common law; trademark infringement under Tex. Bus. & Com. Code § 16.102(b); unfair competition by misappropriation under the Texas common law; and trademark dilution under Tex. Bus. & Com. Code § 16.103.

8. Among other relief, Marriott asks this Court: (a) to permanently enjoin Defendant from rendering, selling, offering for sale, advertising, or promoting

hospitality services or related goods or services under the name and mark "The Residency Inn" or any other confusingly similar variation of any of Marriott's RESIDENCE INN Marks; (b) to order Defendant to remove all signage containing "Residency Inn" and deliver up for impoundment and destruction all collateral items and promotional materials containing "Residency Inn"; (c) to take all necessary steps to transfer to Marriott all domain name registrations containing "Residency Inn," including theresidencyinngalveston.site; (d) to award Marriott monetary damages and to treble that award; (e) to require Defendant to disgorge all its profits from its sales of the infringing services, and to enhance such profits; and (f) to award Marriott exemplary damages, as well as its attorneys' fees and the costs of this action.

## PARTIES

9. Plaintiff Marriott International, Inc., is a Delaware corporation with a principal place of business at 7750 Wisconsin Avenue, Bethesda, Maryland 20814.

10. Defendant HBB Hospitality LLC is a Texas limited liability company with an address of 6107 Broadway Street, Galveston, Texas 77551.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over Marriott's federal claims under the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Marriott's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

12. The Court has general and specific personal jurisdiction over Defendant because (a) Defendant maintains its principal place of business in the State of Texas,

(b) Defendant transacts and conducts business within the State of Texas to such an extent that Defendant is at home in the State, and (c) Defendant has purposefully availed itself of Texas law by targeting the State of Texas and its residents through conduct giving rise to, and related to, Marriott's claims.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2) because Defendant resides in this District and a substantial part of the events giving rise to Marriott's claims occurred in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Marriott operates, franchises, and licenses more than 10,000 hotel, residential, timeshare, and other lodging properties under more than 35 brands and across some 148 countries and territories, giving people more ways to connect, experience, and expand their world. Marriott was founded by J. Willard and Alice Marriott and has been guided by family leadership and ethical values since 1927. Their principles remain embedded in the company's culture and in everything Marriott does today.

15. The RESIDENCE INN® brand has been the market leader in the extended stay category since it was launched some 50 years ago.

16. Marriott owns valid and enforceable rights in its RESIDENCE INN Marks for a wide range of hospitality and business services, including hotel services, restaurant services, provision of general purpose and social function facilities, reservation services for hotel accommodations for others, franchising services, and

marketing services, among other services, all by virtue of Marriott's substantially exclusive and continuous use of those Marks in connection with these services.

17. As a result of Marriott's extensive sales and promotion of these hospitality and business services under Marriott's RESIDENCE INN Marks, as well as unsolicited media attention, awards, and accolades, the consuming public and the trade associate Marriott's RESIDENCE INN Marks for these services with a single source, namely Marriott.

18. Marriott has enjoyed these valid and enforceable rights in its RESIDENCE INN Marks since long before any first date of *bona fide* use in United States commerce that Defendant may be able to establish.

19. Marriott owns the following valid, subsisting, and incontestable registrations of its RESIDENCE INN Marks in the United States Patent and Trademark Office (collectively, "Marriott's Registrations"), among others:

| **Mark** | **Reg. No.** | **Dates** | **Services** |
|---|---|---|---|
| RESIDENCE INN | 1305416 | *Filing:* May 18, 1981<br>*Registration:* Nov. 13, 1984 | *Class 43:* Hotel services |
| RESIDENCE INN | 1439596 | *Filing:* Sept. 16, 1986<br>*Registration:* May 12, 1987 | *Class 43:* Hotel and motel services |
| RESIDENCE INN BY MARRIOTT | 3635354 | *Filing:* Dec. 9, 2003<br>*Registration:* Jun. 9, 2009 | *Class 43:* Hotel services; restaurant services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and |

| Mark | Reg. No. | Dates | Services |
|---|---|---|---|
| | | | social function facilities for special occasions; and reservation services for hotel accommodations for others |
| ResidenceINN BY MARRIOTT | 5618981 | *Filing:* Dec. 8, 2017<br>*Registration:* Nov. 27, 2018 | *Class 43:* Hotel services; restaurant, catering, bar and cocktail lounge services; resort lodging services; provision of general-purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; and reservations services for hotel accommodations for others |
| Residence Inn Marriott | 5880482 | *Filing:* Mar. 8, 2017<br>*Registration:* Oct. 8, 2019 | *Class 43:* Hotel services; restaurant services; bar services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; and reservation services for hotel accommodations for others |

Copies of Marriott's Certificates of Registration are attached as **Exhibit A**.

20. The filing dates for Marriott's Registrations are prior to any date of any first date of *bona fide* use in United States commerce that Defendant may be able to establish.

21. Local news outlets reported on plans for constructing a RESIDENCE INN® hotel in Galveston as early as 2019, and the RESIDENCE INN® Galveston Island opened in March 2024, approximately three miles from Defendant's Hotel.

22. In 2026, Marriott discovered that Defendant filed for the assumed name "The Residency Inn" on May 16, 2023, and rebranded the Hotel from a Rodeway Inn to "The Residency Inn" in or before July 2023. Marriott made this discovery after receiving a December 12, 2025, letter from an attorney claiming that his client had suffered an injury in a "slip and fall incident" at "The Residence Inn Hotel, located at 6107 Broadway Street, Galveston, TX 77551." After investigating, Marriott learned that the property to which the letter referred was the Hotel, operating under the mark "The Residency Inn."

23. On March 23, 2026, Marriott sent a letter to the Hotel and to the company Marriott then believed to be the Hotel's owner. That letter demanded, *inter alia*, that the recipients immediately cease and permanently desist from using "The Residency Inn" or any other mark or name confusingly similar to Marriott's RESIDENCE INN Marks. When neither recipient responded to this letter, Marriott followed up via email and by phone. Marriott never received a response to its letter.

24. After investigating further, on September 10, 2026, Marriott sent a letter containing the same demands to Defendant, HBB Hospitality LLC, in care of the Hotel, Hitesh R. Patel, and Brijesh Patel. Marriott is informed and believes that Messrs. Patel are both Managing Members and Directors of Defendant. Marriott never received a response to this letter.

25. Marriott is informed and believes that Defendant still uses "The Residency Inn" to identify the Hotel despite having received at least one of Marriott's letters, thus evidencing Defendant's bad faith.

26. Marriott brings this action because Defendant's wrongful conduct threatens to irreparably harm Marriott's longstanding and valuable rights in its RESIDENCE INN® brand and its famous RESIDENCE INN Marks.

## FIRST CLAIM FOR RELIEF
## Federal Trademark Infringement (15 U.S.C. § 1114(1))

27. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

28. Defendant's unauthorized use of a confusingly similar imitation of Marriott's RESIDENCE INN Marks reflected in Marriott's Registrations has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's hospitality services under the mark "The Residency Inn" (the "Infringing Services") are rendered, sold, offered for sale, licensed, sponsored, endorsed, or approved by Marriott, or that Defendant or its services are affiliated, associated, or otherwise connected with Marriott or its services under the RESIDENCE INN Marks, all in violation of 15 U.S.C. § 1114.

29. Marriott and its licensees, on the one hand, and Defendant, on the other, advertise, promote, market, offer to sell, and sell their respective hospitality services through the same or overlapping channels; and Defendant's use of confusingly similar imitations of Marriott's registered RESIDENCE INN Marks likely will cause

confusion, deception, and mistake among consumers before, at the point of, and after the purchase of Defendant's Infringing Services.

30. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, irreparable injury to Marriott's goodwill and reputation as symbolized by the RESIDENCE INN Marks in Marriott's Registrations, for which Marriott has no adequate remedy at law.

31. Defendant's actions demonstrate an intent to trade on the goodwill associated with Marriott's registered RESIDENCE INN Marks, to Marriott's great and irreparable harm.

32. Defendant's actions have caused and likely will continue to cause substantial injury to the public, the trade, and Marriott, and therefore Marriott is entitled to injunctive relief and to recover its actual damages, Defendant's profits, enhanced damages and profits, and Marriott's reasonable attorneys' fees and the costs of this action under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
## Federal Unfair Competition (15 U.S.C. § 1125(a))

33. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

34. Defendant has used colorable imitations of Marriott's RESIDENCE INN Marks in connection with the Infringing Services and has falsely designated the origin of those services, all without Marriott's authorization.

35. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to whether (a) Marriott is the source or origin of Defendant's Infringing Services, (b) Marriott licenses, sponsors, endorses, or approves of those services, or (c) Marriott and Defendant are affiliated, associated, or otherwise connected, all in violation of 15 U.S.C. § 1125(a).

36. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Marriott's goodwill and reputation symbolized by its RESIDENCE INN Marks, for which Marriott has no adequate remedy at law.

37. Defendant's actions demonstrate an intent to trade on Marriott's goodwill and reputation.

38. Defendant's actions have caused and likely will continue to cause substantial injury to the public, the trade, and Marriott, and therefore Marriott is entitled to injunctive relief and to recover its actual damages, Defendant's profits, enhanced damages and profits, and Marriott's reasonable attorneys' fees and the costs of this action under 15 U.S.C. §§ 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
**Federal Trademark Dilution (15 U.S.C. § 1125(c))**

39. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

40. Marriott's RESIDENCE INN Marks are distinctive in relation to Marriott's services under the marks.

41. Marriott's RESIDENCE INN Marks are widely recognized by the general consuming public of the United States as designating Marriott as the source of its services under the marks.

42. Marriott's RESIDENCE INN Marks therefore are famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

43. Marriott's RESIDENCE INN Marks have been famous within the meaning of 15 U.S.C. § 1125(c) since prior to any first date of *bona fide* use in United States commerce that Defendant may be able to establish.

44. Marriott also has engaged in substantially exclusive use of its RESIDENCE INN Marks.

45. Defendant's mark "The Residency Inn" is highly similar to Marriott's famous RESIDENCE INN Marks. Indeed, because "Residency Inn" and RESIDENCE INN vary by only one letter, they look and sound nearly identical.

46. Defendant's use of "The Residency Inn" likely causes and will continue to cause consumers to associate that mark with Marriott's famous RESIDENCE INN Marks. Further, the association arising from the similarity between Defendant's "The Residency Inn" mark and Marriott's famous RESIDENCE INN Marks harms the reputation of Marriott's RESIDENCE INN Marks by associating them with services of poor quality.

47. Defendant's use of the mark "The Residency Inn" therefore is likely to dilute and impair the distinctiveness of Marriott's famous RESIDENCE INN Marks by (a) blurring, eroding, or whittling away consumers' identification of those marks

with Marriott, (b) tarnishing those marks, and (c) otherwise lessening the capacity of those marks to identify and distinguish Marriott's services, all in violation of 15 U.S.C. § 1125(c).

48. Defendant first used the mark "The Residency Inn" in commerce after October 6, 2006.

49. Defendant's actions demonstrate a willful intent to trade on the recognition of Marriott's famous RESIDENCE INN Marks and a willful intent to harm the reputation of those marks.

50. Defendant's actions have caused and likely will continue to cause substantial injury to Marriott, and therefore Marriott is entitled to injunctive relief and to recover its actual damages, Defendant's profits, enhanced damages and profits, and Marriott's reasonable attorneys' fees and the costs of this action under 15 U.S.C. §§ 1117 and 1125(c)(1).

## FOURTH CLAIM FOR RELIEF
## Trademark Infringement and Unfair Competition
## (Texas Common Law)

51. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

52. Defendant uses a confusingly similar imitation of Marriott's RESIDENCE INN Marks in commerce in connection with the rendering, sale, offering for sale, advertising, or promotion of the Infringing Services, all without Marriott's authorization.

53. Defendant's conduct has caused and will continue to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Services, in that consumers likely will believe Marriott has authorized Defendant to render, sell, offer for sale, advertise, or promote those services in Texas or that Defendant is associated with or related to Marriott.

54. Defendant's actions likely will injure and, on information and belief, have injured Marriott's image and reputation with consumers in Texas by creating confusion about the source of the Infringing Services and by causing a diminution in value of the goodwill associated with Marriott's RESIDENCE INN Marks.

55. On information and belief, Defendant has rendered, sold, offered for sale, advertised, and promoted the Infringing Services deliberately and willfully, with knowledge of Marriott's exclusive rights and goodwill in the RESIDENCE INN Marks and with a bad faith intent to cause confusion and trade on Marriott's goodwill.

56. Defendant's unlawful activities constitute willful trademark infringement and unfair competition in violation of Texas common law.

57. As a direct and proximate result of Defendant's violations of Texas common law, Marriott has been, and will continue to be, damaged in an amount to be determined at trial.

58. Defendant has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the public and, additionally, irreparable injury to Marriott's goodwill and reputation as symbolized by the RESIDENCE INN Marks, for which Marriott has no adequate remedy at law.

Accordingly, Marriott is entitled to injunctive relief, and to recover its actual damages, Defendant's profits, exemplary damages, reasonable attorneys' fees, costs, and any other remedies provided under Texas law.

**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement**
**(Tex. Bus. & Com. Code § 16.102(b))**

59. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

60. Defendant uses in commerce a confusingly similar imitation of the RESIDENCE INN Marks in Marriott's Registrations in connection with the rendering, sale, offering for sale, advertising, or promotion of the Infringing Services, all without Marriott's authorization.

61. Defendant's conduct has caused and likely will cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Services, in that consumers likely will believe that Marriott has authorized Defendant to render, sell, offer for sale, advertise, or promote those services in Texas or that Defendant is associated with or related to Marriott.

62. Defendant's actions likely will injure and, on information and belief, have injured Marriott's image and reputation with consumers in Texas by creating confusion about the source of the Infringing Services and by causing a diminution in value of the goodwill associated with the RESIDENCE INN Marks in Marriott's Registrations.

63. On information and belief, Defendant has rendered, sold, offered for sale, advertised, or promoted the Infringing Services deliberately and willfully, with knowledge of Marriott's exclusive rights and goodwill in Marriott's registered RESIDENCE INN Marks and with a bad faith intent to cause confusion and to trade on Marriott's goodwill.

64. Defendant's unlawful activities constitute willful trademark infringement in violation of Section 16.102 of the Texas Business and Commerce Code.

65. As a direct and proximate result of Defendant's violations of Texas state law, Marriott has been, and will continue to be, damaged in an amount to be determined at trial.

66. Defendant has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the public and, additionally, irreparable injury to Marriott's goodwill and reputation as symbolized by the RESIDENCE INN Marks in Marriott's Registrations, for which Marriott has no adequate remedy at law. Accordingly, Marriott is entitled to injunctive relief, and to recover its actual damages, Defendant's profits, exemplary damages, reasonable attorneys' fees, costs, and any other remedies provided under Texas law.

**SIXTH CLAIM FOR RELIEF**
**Unfair Competition by Misappropriation**
**(Texas Common Law)**

67. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

68. Marriott expended significant resources in creating the RESIDENCE INN Marks, including by investing millions of dollars in promotion of those marks. In using a confusingly similar imitation of the RESIDENCE INN Marks in competition with Marriott, Defendant is taking advantage of the extensive time, labor, skill, and money Marriott invested in creating the goodwill associated with the RESIDENCE INN Marks, with Defendant bearing little or no expense itself.

69. Defendant's actions have caused and, unless enjoined by this Court, will continue to cause commercial damage to Marriott and constitute unfair competition by misappropriation in violation of Texas common law.

70. As a direct and proximate result of Defendant's actions, Marriott has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

71. Defendant has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Marriott, for which Marriott has no adequate remedy at law. Accordingly, Marriott is entitled to injunctive relief, and to recover its actual damages, Defendant's profits, exemplary damages, reasonable attorneys' fees, costs, and any other remedies provided under Texas law.

## SEVENTH CLAIM FOR RELIEF
## Trademark Dilution
## (Tex. Bus. & Com. Code § 16.103)

72. Marriott repeats and incorporates by reference the allegations in the preceding paragraphs.

73. Marriott's RESIDENCE INN Marks are famous and distinctive and are widely recognized by the public throughout Texas as a designation of the source of Marriott's services.

74. For decades, Marriott has substantially exclusively and continuously promoted and used its RESIDENCE INN Marks in the United States, including in the State of Texas.

75. Defendant's actions as described in this Complaint began after Marriott's RESIDENCE INN Marks became famous in Texas.

76. Defendant uses in commerce a confusingly similar imitation of Marriott's RESIDENCE INN Marks, such that there is an association between the Infringing Services and the RESIDENCE INN Marks in the minds of consumers in Texas.

77. This association likely will impair the distinctiveness of Marriott's RESIDENCE INN Marks by eroding the public's exclusive identification of those famous marks with Marriott, tarnishing and degrading the positive associations and prestigious connotations of those famous marks, and otherwise lessening the capacity of the Marriott's RESIDENCE INN Marks to identify and distinguish Marriott's services.

78. Defendant's conduct likely dilutes and has diluted Marriott's famous RESIDENCE INN Marks in violation of Section 16.103 of the Texas Business and Commerce Code.

79. On information and belief, Defendant has engaged in this conduct deliberately and willfully, with knowledge of Marriott's exclusive rights and goodwill in the famous RESIDENCE INN Marks and with a bad faith intent to cause dilution and trade on Marriott's goodwill.

80. As a direct and proximate result of Defendant's actions, Marriott has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

81. Defendant has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Marriott's goodwill and business reputation and to cause dilution of the distinctiveness and value of Marriott's famous RESIDENCE INN Marks, for which Marriott has no adequate remedy at law. Accordingly, Marriott is entitled to injunctive relief, and to recover its actual damages, Defendant's profits, exemplary damages, reasonable attorneys' fees, costs, and any other remedies provided under Texas law.

## PRAYER FOR RELIEF

WHEREFORE, Marriott prays for relief as follows:

1. That judgment be entered in favor of Marriott and against Defendant on each of Marriott's claims;

2. That Defendant and each of its officers, agents, servants, employees, attorneys, managers, members, directors, principals, subsidiaries, affiliates, related companies, successors, and assigns, and all those in active concert or participation with them, or any of them, who receive actual notice of the injunctions prayed for

herein by personal service or otherwise, be permanently restrained and enjoined from:

a. advertising, promoting, offering for sale, selling, or rendering the Infringing Services or any other services under confusingly similar imitations of Marriott's RESIDENCE INN Marks, including without limitation the mark "The Residency Inn";

b. using Marriott's RESIDENCE INN Marks, or any other copy, reproduction, colorable imitation, or simulation of those marks, on or in connection with Defendant's services; and

c. passing off, palming off, or assisting in passing off or palming off Defendant's services as those of Marriott, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

3. That Defendant be ordered to take the following actions within thirty (30) days of entry of judgment:

a. remove all exterior and interior signage at the Hotel containing any reference to "The Residency Inn," "Residency Inn," or any other confusingly similar imitation of Marriott's RESIDENCE INN Marks;

b. deliver up for impoundment and destruction all collateral items and promotional materials in Defendant's possession, custody, or control containing any reference to "The Residency Inn," "Residency Inn," or any other confusingly similar imitation of Marriott's RESIDENCE INN Marks;

c. take all necessary steps to transfer to Marriott all registrations for domain names containing any reference to "The Residency Inn," "Residency Inn," or any other confusingly similar imitation of Marriott's RESIDENCE INN Marks, including theresidencyinngalveston.site; and

d. file with the Court and serve on Marriott's counsel a written report under oath setting forth in detail the manner in which Defendant has complied with the foregoing orders of this Court;

4. That Marriott receive all damages caused by Defendant's acts on which this Complaint is based;

5. That Defendant be compelled to account to Marriott for any and all profits derived by Defendant from sales of the Infringing Services;

6. Based on Defendant's knowing and intentional use of a confusingly similar imitation of Marriott's RESIDENCE INN Marks, that the damages awarded be trebled and the award of Defendant's profits be enhanced pursuant to 15 U.S.C. § 1117(a);

7. That Defendant be required to pay Marriott its reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117(a), Federal Rule of Civil Procedure 54(d)(1), and the state statutes and common law cited in this Complaint;

8. Based on Defendant's willful and deliberate infringement and dilution, and to deter such conduct in the future, that Marriott receive exemplary damages;

9. That Marriott receive prejudgment and post-judgment interest on all monetary awards; and

10. That Marriott have such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Marriott demands a trial by jury on all issues triable by right to a jury.

DATED: November 10, 2026

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/Cole B. Ramey*
Cole B. Ramey
Attorney-in-Charge
State Bar No. 16494980
S.D. Tex. Bar No. 27727
Zoe Stendara
State Bar No. 24122986
S.D. Tex. Bar No. 3690389
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Tel: (214) 922-7126
Fax: (214) 292-9419
*cramey@ktslaw.com*
*zstendara@ktslaw.com*

Sara K. Stadler
Georgia State Bar No. 673882
(*pro hac vice* motion forthcoming)
Theodore H. Davis Jr.
Georgia State Bar No. 212913
(*pro hac vice* motion forthcoming)
1100 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30309
Tel: (404) 815-6500
Fax: (404) 815-6555
*sstadler@ktslaw.com*
*tdavis@ktslaw.com*